UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DANNY SUAZO,
Personal Representative of the Wrongful Death Estate of
Lorenzo A. Suazo, deceased,

    Plaintiff,

vs.                                No. 18 CV 00673 JAP/KK

TAOS LIVING CENTER, LLC,
TAOS HOLDING COMPANY, LLC,
PARENTIS SALUS PROVIDEO, LLC
DANIEL DAIGLE, and
PAUL REID,
    Defendants.

## MEMORANDUM OPINION
## AND ORDER OF REMAND

On June 14, 2018, Plaintiff Danny Suazo, personal representative of the wrongful death estate of Lorenzo A. Suazo (Plaintiff), served Defendants Taos Living Center, LLC (the Center), Taos Holding Company, LLC (THC), Parentis Salus Provideo, LLC (Parentis), Daniel Daigle (Daigle), and Paul Reid (Reid) (together, Defendants) with the COMPLAINT FOR WRONGFUL DEATH, NEGLIGENCE, AND PUNITIVE DAMAGES (Doc. No. 1-1) (Complaint). On July 13, 2018, Defendants removed this case from the First Judicial District Court, Santa Fe County, New Mexico. See NOTICE OF REMOVAL BY DEFENDANTS TAOS LIVING CENTER, LLC, PARENTIS SALUS PROVIDEO, LLC, DANIEL DAIGLE, AND PAUL REID PURSUANT TO 28, U.S.C. §§ 1331 AND 1441(a) (Doc. No. 1) (Notice).[1] On August 6, 2018, Plaintiff moved to remand the case. See PLAINTIFF'S MOTION TO REMAND AND FOR COSTS (Doc. No. 13) (Motion). The Motion is fully briefed. See

---

[1] Although Defendant THC did not specifically join in the Notice, its counsel signed the Notice in compliance with 28 U.S.C. § 1446(b)(2)(A), which requires all defendants served with complaint to join in or consent to removal . *See State Farm Fire and Cas. Co. v. Dunn-Edwards Corp.*, 728 F.Supp.2d 1273, 1275 (D. N.M. 2010) (finding that defendant can satisfy § 1446 (b)(2)(A) by signing the notice of removal).

1

DEFENDANTS TAOS LIVING CENTER, LLC, PARENTIS SALUS PROVIDEO, LLC, DANIEL DAIGLE, AND PAUL REID'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (Doc. No. 22) (Response); and PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO REMAND AND FOR COSTS (Doc. No. 23) (Reply). The Court lacks subject matter jurisdiction over Plaintiff's claims; therefore, the Court will grant the Motion. In addition, the Court will grant Plaintiff's request for costs and attorneys' fees.

I. STANDARD OF REVIEW

Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Hence, a case originally filed in state court "may be removed …only if, 'federal subject-matter jurisdiction would exist over the claim.'" *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (citation omitted). Because federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013). In other words, "[t]he burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction" *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002), and "[a]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

There are three ways to establish federal question jurisdiction. First and foremost, a court has federal question jurisdiction when a plaintiff pleads a cause of action that is created by federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). Second, a plaintiff may raise a federal question claim when a right of action is

2

implied from a statute, "such as the right of private victims of discrimination to sue for violations of Title IX." *Cannon v. University of Chicago*, 441 U.S. 677, 688, (1979). Third, "[t]here is ... another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction ...." *Grable*, 545 U.S. at 312. "[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* However, the mere presence of a federal issue embedded in a state law claim does not open the door to federal court. *Id.* at 314. The court must ask—does a state law claim "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id. See also Roberts v. Woodcrest Manor Care Ctr.*, CIV.A. 12-200-DLB, 2012 WL 6652502, at *8 (E.D. Ky. Dec. 20, 2012) (unpublished) (remanding case asserting a claim of negligence per se relying in part on violations of the FNHRA).

Generally, the plaintiff is the master of the complaint, and if the plaintiff files a complaint in state court and pleads only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction. *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011). "The plaintiff can elect the judicial forum—state or federal—based on how he drafts his complaint. Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his ... claim ... he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Firstenberg*, 696 F.3d at 1223 (internal quotation marks and citation omitted).

Defendants argue that although Plaintiff's claims are drafted as state law wrongful death and negligence claims, Plaintiff has actually asserted claims for violations of federal statutes

applicable to nursing facilities. Alternatively, Defendants assert that Plaintiff's state law claims implicate significant federal issues under those statutes; and therefore, removal was proper.

II. DISCUSSION

    A. Allegations in the Complaint

On January 25, 2017, the First Judicial District Court, Santa Fe County, New Mexico appointed Plaintiff Danny Suazo as Personal Representative to Pursue Wrongful Death Claim in Cause No. D-101-CV 2016-02989. (Compl. ¶ 3.) Plaintiff alleges that from about August 12, 2016 to September 25, 2016 Plaintiff's father, Lorenzo Suazo (Mr. Suazo), resided at Taos Living Center (the TLC), a nursing facility located in Santa Fe County, New Mexico. (*Id.* ¶ 20.) Plaintiff claims that while residing at the TLC, Mr. Suazo suffered injuries from medication errors, infections, malnutrition, bedsores, [and] sepsis[.]" (*Id.* ¶ 21 a.–i.) As a result of the negligent care at the TLC, Mr. Suazo was moved to a hospital where he died on October 5, 2016. (*Id*. ¶ 22.)

In Count I entitled WRONGFUL DEATH, Plaintiff claims that Defendants negligently caused Mr. Suazo's death. (*Id.* ¶ 25.) Plaintiff alleges he is entitled to recover all damages available under the New Mexico Wrongful Death Act, NMSA 1978 § 41-2-1, including damages for the loss of enjoyment of life, pain and suffering, the reasonable expenses of necessary medical care, and the expenses of Mr. Suazo's funeral and burial. (*Id*.) Plaintiff also claims that Defendants actions were malicious, willful, reckless, or in wanton disregard of Mr. Suazo's needs; therefore, Defendants are liable for punitive damages. (*Id*. ¶ 27.)

In the Count II claim entitled NEGLIGENCE, Plaintiff alleges that Defendants breached their duty to Mr. Suazo to provide care, treatment, and services within the standards of care required of nursing facilities. (*Id*. ¶ 29.) Specifically, Plaintiff alleges that Defendants (1) failed

to supervise nursing personnel to ensure Mr. Suazo received appropriate nursing care; (2) failed to provide Mr. Suazo with basic and necessary care; (3) failed to treat Mr. Suazo with kindness and respect; (4) failed to notify Mr. Suazo's physician of significant changes in his health status; (5) falsely represented the quality of care and services provided to Mr. Suazo; (6) failed to adopt adequate policies and procedures for documenting and responding to complaints regarding the misconduct of Defendants' employees; (7) failed to adequately train employees; (8) failed to hire an adequate number of competent nursing personnel; and (9) failed to adequately supervise nursing personnel to ensure Mr. Suazo received adequate nutrition, sanitation, and health care. (*Id.* ¶ 31 a.–p.)

Plaintiff alleges that the Defendants failed to ensure that "the rules and regulations … promulgated in the New Mexico Nursing Home Residents Rights Act 7.9.2.22 NMAC (2005) … and federal laws and regulations, were consistently complied with on an ongoing basis[.]" (*Id.* ¶ 31 o. (i).) Plaintiff asserts that Defendants "violated state and federal laws and regulations, which set forth … the … minimum standards" of care. Plaintiff cites provisions in the Medicare Act, 42 U.S.C. § 1395 et seq., the Federal Nursing Home Reform Amendments (FNHRA), 42 U.S.C. § 1396r, and the regulations promulgated under those statutes. (*Id.* ¶¶ 36 a.–qq.) For example, Plaintiff alleges that under federal law Defendants were required to "provide 'nursing services and specialized rehabilitative services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident.'" (*Id.* ¶ 36 c. (quoting 42 U.S.C. §§ 1395i-3(b)(4)(A)(i) and 1396r-3(b)(4)(A)(i)). Plaintiff asserts that under federal regulations Defendants were required to "'care for … residents in a manner and in an environment that promotes maintenance or enhancement of each resident's quality of life.'" (*Id.* ¶ 36 q. (quoting 42 C.F.R. § 483.15)). Plaintiff alleges that under New Mexico law Defendants were prohibited from

neglecting a nursing home resident, which includes "'failure to provide any treatment, service, care, medication or items that is necessary to maintain the health or safety of a resident.'" (*Id*. ¶ 36 m (i) (quoting NMSA 1978 § 30-47-3(F)(1)). These quoted paragraphs of the Complaint are just a few of the numerous federal and state laws and regulations cited by Plaintiff to illustrate Defendants' negligence. (*See generally* Compl. ¶¶ 28–43.) Plaintiff contends that the applicable statutes and regulations were enacted to benefit a class of persons including Mr. Suazo; and therefore, Defendants' actions or omissions in violation of those statutes and regulations constituted negligence per se. (*Id*. ¶¶ 39–41.)

In Count III, Plaintiff asserts a claim for punitive damages alleging that Defendants' actions and omissions were grossly negligent, deliberately indifferent, willful, wanton, reckless, malicious, or intentional. Finally, Plaintiff prays for judgment against Defendants for compensatory damages, all general and special damages caused by Defendants' conduct, costs of litigation, punitive damages, and "all other relief to which Plaintiff is entitled under New Mexico law." (*Id*. ¶¶ 49–53.)

### B. Defendants' Arguments Supporting Removal

In the Notice and the Response, Defendants assert that although Plaintiff's claims are styled as state law wrongful death and negligence claims, "this case turns on the interpretation of federal law, specifically the FNHRA." (Not. of Remov. at 2.) Defendants aver that the Complaint attempts to bring a private cause of action for alleged violations of the FNHRA, and thus, Plaintiff has raised "a presently open question of federal law in the Tenth Circuit: does the FNHRA create a private cause of action?" (*Id*.)

1. The Complaint does not turn on the interpretation of federal law.

Defendants' contention that Plaintiff's claims "turn on" the interpretation of federal law is unpersuasive in light of the clear language in the Complaint. In Counts I and II, Plaintiff clearly asserts only claims arising under New Mexico's Wrongful Death Act and negligence law. In Count II, Plaintiff quotes numerous state and federal statutes and regulations and argues that Defendants' violations of these standards constituted breaches of their duties to Mr. Suazo. As one court explained,

In New Mexico, a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages. ... However, under the legal doctrine known as negligence per se, a court may, if certain criteria are met, adopt a statutory standard as an expression of the standard of conduct for a reasonable person.…The doctrine holds that the violation of a statute constitutes negligence per se and when, as a proximate result thereof, a person is injured, damages may be recovered if the statutory provision violated was for the benefit of the person injured. *BNSF Ry. Co. v. Lafarge Sw., Inc.*, CV 06-1076 MCA/LFG, 2009 WL 10665753, at *4 (D. N.M. Jan. 22, 2009) (unpublished) (citations and quotations omitted). "[U]nder New Mexico law, the violation of a federal statute—just like the violation of a state statute—can constitute negligence per se." *Id*. at *5 (citing *F.D.I.C. v. Schuchmann*, 235 F.3d 1217, 1224–25 (10th Cir. 2000)). To summarize, "when a statute imposes a specific requirement, there is an absolute duty to comply with that requirement, and no inquiry is to be made whether the defendant acted as a reasonably prudent man, or was in the exercise of ordinary care." *Heath v. La Mariana Apartments*, 2008–NMSC–017, ¶ 8, 143 N.M. 657, 180 P.3d 664 (internal quotation marks and citation omitted).

To summarize, Plaintiff's claims invoke federal and/or state statutes and regulations only as standards of care. Thus, Plaintiff's claims do not turn on the interpretation of federal law in a manner that confers federal question jurisdiction. Instead of raising a dispute regarding the interpretation of federal statutory law, Plaintiff's claims turn on a factual dispute—whether Defendants' conduct violated the cited one or more provisions of the FNHRA, the Medicare Act, or applicable state statutes and regulations. *Roberts*, 2012 WL 6652502 at * 6 (finding that negligence per se claim using standards of FNHRA and state statutes did not raise a substantial issue of federal law).

      2. Plaintiff has not attempted to bring a private cause of action under the FNHRA.

Although some courts outside of the Tenth Circuit have recognized rights created by the FNHRA that are enforceable against government-owned facilities under 42 U.S.C. § 1983,[2] virtually all courts faced with the issue have determined there is no implied cause of action under the FNHRA against private nursing homes. *See generally Kalan v. Health Center Commission of Orange County, Va.*, 198 F.Supp.3d 636, 643 (W.D. Va. 2016) (stating that the "majority of courts that have considered whether the FNHRA and its regulations confer a private right of action have concluded that they do not.") (citations omitted); *Baum v. Northern Duchess Hosp.*, 764 F.Supp.2d 410, 424–25 (N.D. N.Y. 2011) (holding that FNHRA "does not clearly and unambiguously authorize a private federal cause of action for nursing home residents against

---

[2] In *Grammer v. John J. Kane Regional Centers-Glan Hazel*, 570 F.3d 520, 529 (3d Cir. 2009), the Third Circuit found the FNHRA "replete with rights-creating language" enforceable under § 1983. However, in *Hawkins v. County of Bent, Colo.*, the United States District Court in Colorado disagreed with *Grammer* and held that "the [FNHRA] statute, as a whole, does not indicate that Congress unambiguously conferred a private right" enforceable under § 1983. 800 F. Supp. 2d 1162, 1167–68 (D. Colo. 2011). The court in *Hawkins* noted that in the FNHRA, Congress expressly indicated that individuals may enforce standards of care by bringing actions under common law in addition to bringing claims before the Secretary of Health and Human Services. *Id.* at 1168 (citing 42 U.S.C. § 1396r(h)(8)). Thus, the court in *Hawkins*, recognized that the FNHRA does not circumvent state tort claims. *Id.* (stating that the FNHRA enforcement scheme "in no way precludes individuals from bringing actions at common law.").

8

private nursing homes."); *and Roberts*, 2012 WL 6652502 at * 8 (unpublished) (noting that courts are largely in agreement that "a private right of action cannot be implied from 42 U.S.C. § 1396r.").

Defendants argue, however, that since the Tenth Circuit has not addressed this issue, "this case begs–and turns on–a question of federal law sufficient to invoke federal question jurisdiction[.]" (Not. of Remov. at 2.) Although the Tenth Circuit has not specifically addressed whether claims may be brought under the FNHRA, this case does not raise that possibility. Defendants cannot create federal question jurisdiction out of a lack of precedent. For a case to arise under federal law within the meaning of § 1331, the plaintiff's "well-pleaded complaint" must establish one of two things: "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1023. This Complaint does neither.

Defendants have identified no specific language in the Complaint that would lead to the conclusion that either Count I or II arise from the FNHRA. Despite Plaintiff's references to numerous provisions of the FNHRA, and the regulations promulgated under that statute, Plaintiff has not stated or even hinted that his claims are brought for violations of the FNHRA or under the authority of the FNHRA. Instead, Plaintiff's claims are brought under state tort law, and Plaintiff argues that both federal and state statutes and regulations should be used to establish that Defendants breached the standards of care owed to Mr. Suazo. Moreover, the Plaintiff's right to relief asserted in the Complaint does not "depend on the resolution of a substantial question of federal law." *Id*. Defendants may not assert that the Complaint raises an open issue of federal law in this Circuit, i.e. the existence of a private right of action under FNHRA, where no private right of action is asserted in the Complaint.

Plaintiff has not attempted to assert a claim under the FNHRA nor has Plaintiff raised a substantial federal question. Plaintiff merely relies on the federal and state statutes and regulations to define the standard of care and to illustrate Defendants' alleged breach of that standard. Defendants have failed to articulate how the Plaintiffs' claims arise under the FNHRA or turn on "the interpretation of federal law…." In short, this Complaint does not state a plausible basis for federal question jurisdiction.

C. Attorneys' Fees and Costs

Plaintiff asks the Court to award costs and expenses including attorney's fees under 28 U.S.C. § 1447(c). Under that provision, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). *See also Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997) (upholding award of costs and fees in order remanding a case with claims brought under Oklahoma workers' compensation laws).

Plaintiff argues that Defendants ignored substantial existing case law from other Circuits holding that the FNHRA does not confer a private cause of action; therefore, Defendants lacked a reasonable basis for seeking removal. Plaintiff further asserts that Defendants delayed resolution of the Motion by alluding to an agreement to remand, and then seeking Plaintiff's agreement for three extensions of the deadline to respond to the Motion.[3] More importantly, however, Defendants appear to have disregarded the wording of the Complaint, which clearly illustrates that Defendants had no objectively reasonable basis for removing this case. The Complaint asserts only state tort claims and invokes the FNHRA and federal regulations as

---
[3] Defendants received three stipulated extensions of the deadline for the Response. *See* Doc. Nos. 19, 20, and 21.

minimum standards for nursing home care. Nowhere in the Complaint does Plaintiff attempt to assert a private right of action for violations of the FNHRA. Defendants improperly used Plaintiff's citation to federal statutory standards of care in a claim of negligence per se and the lack of precedent in the Tenth Circuit on private rights of action under the FNHRA to invoke removal jurisdiction without an objectively reasonable basis. Hence, under 28 U.S.C. § 1447(c) the Court will award Plaintiff his just costs and actual expenses incurred in prosecuting the Motion, including reasonable attorney's fees.

IT IS ORDERED that

1. PLAINTIFF'S MOTION TO REMAND AND FOR COSTS (Doc. No. 13) is granted;

2. Attorney's fees and costs are awarded in favor of Plaintiff and against Defendants. By October 10, 2018, Plaintiff must file an Affidavit itemizing the attorney's fees and costs incurred in responding to the removal and seeking remand. By October 17, 2018, Defendants may file a response in opposition to the Affidavit;[4] and

3. This case is REMANDED to the First Judicial District Court in Santa Fe County, New Mexico.

/s/ James A. Parker
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] After remand, the Court retains jurisdiction to award reasonable costs and attorneys' fees under 28 U.S.C. § 1447(c). *See Martin v. Franklin Capital Corp.*, 546 U.S. at 138.